UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>United States of America</u>

    v.                                         Criminal No. 99-cr-134-JD
                                            Opinion No. 2010 DNH 178

<u>Pablo Acosta</u>

<u>O R D E R</u>

     Pablo Acosta brings a petition for a writ of error coram nobis, pursuant to the All Writs Act, 28 U.S.C. § 1651.  In July of 2000, Pablo Acosta pled guilty to conspiracy to distribute cocaine, and on March 14, 2001, he was sentenced to 130 months in prison to be followed by five years of supervised release.  He was released from custody on March 27, 2009, when he began the five-year term of supervised release.  On November 19, 2009, Immigration and Customs Enforcement agents arrested him, and he remains in detention pending deportation proceedings.

     In support of his petition, Acosta contends that his conviction should be vacated because his counsel was constitutionally deficient in failing to advise him of the deportation consequences of his guilty plea.  He further contends that a writ of error coram nobis is the appropriate means to raise his claim because he would otherwise have no remedy, as his claim is time-barred under 28 U.S.C. § 2255(f) and precluded by

the prohibition against successive petitions under 29 U.S.C. § 2255(h).  The government objects on the grounds that a writ of error coram nobis is not available to Acosta because he is still "in custody," on supervised release; because his petition is otherwise time-barred and an unauthorized successive petition; and because his claim would fail if it were considered on the merits.

I.  All Writs Act, Writ of Error Coram Nobis

"Pursuant to the All Writs Act, federal courts have the authority to grant writs that were traditionally available at common law," including a writ of error coram nobis "though which a rendering court, subject to certain conditions, may correct its own judgment on the basis of some patent error affecting the validity or regularity of that judgment."  Barreto-Barreto v. United States, 551 F.3d 95, 102-103 (1st Cir. 2008) (internal quotation marks omitted).  The writ ordinarily is available only to criminal defendants who are not in custody.  Id. at 103.

"To obtain relief under a writ of error coram nobis, the petitioner must 1) explain her failure to seek relief from judgment earlier, 2) demonstrate continuing collateral consequences from the conviction, and 3) prove that the error is fundamental to the validity of the judgment."  Id. (internal

quotation marks omitted).  A writ of error coram nobis is not an alternative to a petition under § 2255 and is not available on the ground that the petitioner is unable to bring a § 2255 petition.  Id.; Trenkler v. United States, 536 F.3d 85, 97 (1st Cir. 2008).

A.   Custody

If a petitioner is "in custody" within the meaning of § 2255, absent unusual circumstances, § 2255 governs the petition. See United States v. Barrett, 178 F.3d 34, 54-55 (1st Cir. 1999). Courts have concluded that a petitioner who is on supervised release is "in custody" for purposes of jurisdiction under § 2255 and for purposes of determining the availability of the writ of error coram nobis.  See, e.g., United States v. Sandles, 469 F.3d 508, 517-18 (6th Cir. 2006); Matus-Leva v. United States, 287 F.3d 758, 761 (9th Cir. 2002) (citing Jones v. Cunningham, 371 U.S. 236, 242-43 (1963) (holding that state defendant on parole was "in custody")); United States v. Pregent, 190 F.3d 279, 283 (4th Cir. 1999); United States v. Brown, 117 F. 3d 471, 475 (11th Cir. 1997); Kusay v. United States, 62 F.3d 192, 193 (7th Cir. 1995); United States v. Essig, 10 F.3d 968, 970 n.3 (3d Cir. 1993).

Therefore, because Acosta is in custody under the supervised release portion of his sentence, his petition is governed by § 2255, and a writ of error coram nobis is not available to him.

B.  Petition for Habeas Relief Under § 2255

Acosta acknowledges that under § 2255 his petition is both untimely and barred by the prohibition against successive petitions.  See 28 U.S.C. § 2255(f) (providing a one-year limitations period) & § 2255(h) (providing rules for a second or successive petition).  The government provides a full analysis of both bars to Acosta's claim under § 2255.  Because Acosta admits untimeliness and the applicability of the bar against successive petitions under § 2255, the court accepts the issues as determined by admission.

As a result, a writ of error coram nobis is not available to Acosta, and his claim cannot be brought under § 2255.

4

Conclusion

For the foregoing reasons, the defendant's petition for a writ of error coram nobis (document no. 112) is denied.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

October 12, 2010

cc: Bjorn R. Lange, Esquire
    Aixa Maldonado-Quinones, Esquire